**PLAINTIFF:**

Maksim Kuprin

2309 58th Ave E, Apt D10,

Fife, WA 98424

Phone: (213) 788-0555

Email: my@kuprin.one

**DEFENDANT:**

DoorDash, Inc.

Attn: Legal Department

303 2nd Street, Suite 800

San Francisco, CA 94107

```
_____FILED    _____ENTERED
_____LODGED   _____RECEIVED

         JUN 0 4 2025    MH

            AT SEATTLE
       CLERK U.S. DISTRICT COURT
BY    WESTERN DISTRICT OF WASHINGTON
                       DEPUTY
```

3:25-cv-05496-JHC

**AMOUNT IN CONTROVERSY:** $1,000,000 (One Million United States Dollars)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Maksim Kuprin ("Plaintiff"), acting on his own behalf (Pro Se), hereby alleges the following claims against Defendant, DoorDash, Inc. ("DoorDash" or "Defendant"):

**INTRODUCTION**

1. This lawsuit is a cry for justice. It is the story of one year of my life, a year that DoorDash transformed into an endless cycle of financial instability, psychological pressure, and humiliation. Under the guise of the "gig economy" and the status of an "independent contractor" lies a cruel and calculated system designed for the exploitation of workers.
2. Although this lawsuit is currently filed on my own behalf, I want to state unequivocally: the unlawful practices described herein are systemic and apply to thousands of drivers throughout the state of Washington and across the country. My case is not unique—it is a typical example of how DoorDash treats its workers. I intend to use this legal process to bring these facts to public attention and reserve the full right to later move to amend this complaint to convert it into a full-scale class action to protect the rights of all affected victims. Let this document serve as official notice to DoorDash that this is not about one driver, but about their entire perverse business model.

**PARTIES**

3. Plaintiff, Maksim Kuprin, is an individual residing at 2309 58th Ave E, Apt D10, Fife, WA 98424.
4. Defendant, DoorDash, Inc., is a corporation incorporated in Delaware with its principal place of business at 303 2nd Street, Suite 800, San Francisco, CA 94107.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal[1] Question).
6. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction).
7. Venue is proper in this district.

## FACTUAL ALLEGATIONS

8. **Systematic Evasion of Minimum Wage via the "Active Time" Scheme**
9. DoorDash classifies me as an "independent contractor" to evade its duties as an employer. In reality, DoorDash exercises total control over all aspects of my work.
10. The centerpiece of this exploitative scheme is the "Active Time" metric. DoorDash only pays me for the time I am en route to a restaurant or from a restaurant to a customer. The time I spend online, in full readiness to work, waiting for orders in my vehicle—which is my workplace—is not compensated.
11. I regularly schedule and work 10-hour shifts. During these 10 hours, I cannot attend to personal matters and must remain in a "hot zone" to immediately respond to offers. Nevertheless, for 10 hours of being "at work," I might only be paid for 2-3 "active" hours. As a result, my actual earnings for a 10-hour workday are often between $30 and $50, which is a flagrant violation of federal, state, and city laws.
12. The advertised "Earn by Time" mode is another deception. DoorDash offers a guaranteed income (e.g., $20/hour) but applies it only to "Active Time," which is a cynical ploy to lure drivers online without paying for the majority of their work time.
13. **Psychological Terror via "Acceptance Rating" (AR) Manipulation**
14. DoorDash uses the "Acceptance Rating" (AR) metric as a tool of psychological pressure and coercion. The system is intentionally designed to punish drivers for declining unprofitable, loss-making orders.
15. I have personally documented dozens of instances where declining a single order lowered my AR by 1 point (e.g., from 96% to 95%). However, to raise the rating back by that same 1 point, I had to accept 20 or even 25 consecutive orders, including patently unprofitable ones (e.g., $3 for a 10-mile trip).
16. This is not a system error but a deliberate strategy to break the driver's will and force them to work at a loss. The fear of losing "priority" status and receiving no orders at all compels me to accept non-viable offers, paying for gas and vehicle wear and tear out of my own pocket. This is economic coercion.

17. Furthermore, the DoorDash app has repeatedly misled me by displaying a message that declining a particular order would not affect my rating, only for the rating to decrease anyway after the refusal. This constitutes intentional deceit.
18. **Rating Manipulation and "Shadow Banning"**
19. DoorDash claims that a high driver rating provides access to better orders. However, I believe the company intentionally deflates ratings. Like many other drivers, I received my first "1-star" rating within my first two weeks of work, a practice that is statistically suspicious and appears to be systemic.
20. Two "1-star" ratings have remained on my profile for over 6 months, despite DoorDash's rule to remove ratings after every 100 deliveries. This is a direct violation of their own rules.
21. I have been repeatedly subjected to a "shadow ban." As soon as I canceled an order due to an excessive wait at a restaurant or simply declined an unprofitable offer, the flow of orders would cease completely. This is a punitive measure.
22. **Unlawful Extension of Work and Neglect**
23. DoorDash has unilaterally extended my work schedule without my knowledge or consent. Recently, while working a shift scheduled to end at 8:00 PM, I discovered my work time had been extended to 8:30 PM without any notification or consent.
24. **Pre-Litigation Warning Ignored.** In a final attempt to resolve this matter, I sent a formal pre-litigation letter to DoorDash's legal department detailing my claims and explicitly warning them of my intent to initiate a class action and publicize the matter. The Defendant completely ignored this letter.
25. **Unlawful Retaliation.** In my pre-litigation letter, I also prudently included a clause stating that any form of restriction on my account would be considered illegal retaliation. Immediately after DoorDash received my letter, the number of orders offered to me dropped sharply and inexplicably to near zero. This is not a coincidence, but a targeted act of revenge.
26. **Damages Suffered.** The actions of DoorDash have caused me not only colossal financial damages but also severe emotional distress.
27. The constant stress, financial instability, and feeling of powerlessness have led to the development of health problems, including an anxiety disorder and insomnia.
28. During one of the most difficult periods, due to the unpredictably low income from DoorDash, I was forced to suffer the humiliation of seeking assistance from a local church to pay my rent.
29. Plaintiff has systematically documented the above-described violations, including but not limited to, the creation of numerous screenshots, and is prepared to provide this evidence in the manner prescribed by law.

**CAUSES OF ACTION**

FIRST CAUSE OF ACTION: VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)

30. Plaintiff incorporates by reference paragraphs 1 through 29 herein.

31. Due to the control it exercises, DoorDash is Plaintiff's de facto employer.

32. By failing to pay Plaintiff minimum wage for all hours worked, DoorDash willfully violates the FLSA.

SECOND CAUSE OF ACTION: VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT (MWA)

33. Plaintiff incorporates by reference paragraphs 1 through 29 herein.

34. DoorDash's actions violate the Washington Minimum Wage Act (RCW 49.46).

THIRD CAUSE OF ACTION: VIOLATION OF SEATTLE CITY ORDINANCES

35. Plaintiff incorporates by reference paragraphs 1 through 29 herein.

36. DoorDash systematically violates Seattle ordinances regarding pay standards.

FOURTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

37. Plaintiff incorporates by reference paragraphs 1 through 29 herein.

38. DoorDash's conduct is extreme and outrageous and was the direct cause of Plaintiff's severe emotional distress.

FIFTH CAUSE OF ACTION: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

39. Plaintiff incorporates by reference paragraphs 1 through 29 herein.

40. DoorDash breached the implied covenant of good faith through its deceptive, punitive, and manipulative actions.

SIXTH CAUSE OF ACTION: UNJUST ENRICHMENT

41. Plaintiff incorporates by reference paragraphs 1 through 29 herein.

42. DoorDash was unjustly enriched by Plaintiff's uncompensated labor.

SEVENTH CAUSE OF ACTION: RETALIATION

43. Plaintiff incorporates by reference paragraphs 1 through 29 herein.

44. By sending a pre-litigation letter with complaints, as stated in paragraphs 24-25, Plaintiff engaged in a protected activity.

45. In direct response to Plaintiff's protected activity, Defendant took adverse action, as stated in paragraph 25.

46. Defendant's actions constitute willful and malicious retaliation.

## PRAYER FOR RELIEF

47. WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:
48. Prohibit Defendant from using the "Active Time" metric as the sole basis for calculating work time.
49. Order Defendant to pay drivers an hourly wage compliant with applicable law.
50. Declare that drivers who pre-schedule their time must be treated as employees who have reported for a shift.
51. Award Plaintiff compensatory damages for unpaid wages.
52. Award Plaintiff compensatory and punitive damages for financial, physical, and emotional distress in the amount of $1,000,000.00.
53. Award Plaintiff all costs of suit.
54. Grant any other relief the Court deems just and proper.

## ADDITIONAL REQUESTS

55. **Request for an Interpreter.**
56. **Request for Counsel.**

## DEMAND FOR JURY TRIAL

57. Plaintiff hereby demands a trial by jury on all issues so triable.

Date: June 2, 2025

Respectfully submitted,

*Maksim Kuprin* (signature)

**Maksim Kuprin**, Plaintiff, Pro Se