UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAKSIM KUPRIN, <br><br> Plaintiff, <br><br> v. <br><br> DOORDASH INC., <br><br> Defendant. | CASE NO. 3:25-cv-05496-JHC <br><br> ORDER |

  This matter comes before the Court on Plaintiff's motion for default judgment. Dkt. # 14. The Court has considered the motion, the rest of the file, and the governing law. For the reasons below, the Court DENIES the motion without prejudice.

  If a defendant fails to plead or otherwise defend, the clerk enters the party's default. Fed. R. Civ. P. 55(a). Then, upon a plaintiff's request or motion, the court may grant default judgment for the plaintiff. Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). On default judgment motions, "[t]he court must accept all well-pled allegations of the complaint as established fact, except allegations related to the amount of damages." *UN4 Prods., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1133 (W.D. Wash. 2019) (citing *TeleVideo Sys.,*

ORDER - 1

*Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Critical here, courts typically consider these "*Eitel* factors" when evaluating a request for a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "[D]efault judgment is appropriate only if the well-pleaded factual allegations of the complaint suffice to establish a plaintiff's entitlement to a judgment under the applicable law." *Dentist Ins. Co. v. Luke St. Marie Valley Dental Grp., P.L.L.C.*, No. 2:21-cv-01229-JHC, 2022 WL 1984124 (W.D. Wash. Jun. 6, 2022) (citing *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 855 (9th Cir. 2007)).

Because the motion does not address the *Eitel* factors, the Court DENIES it without prejudice. Plaintiff may file a motion for default judgment that applies the *Eitel* factors on or before September 15, 2025. The Court is allowing this much time because Plaintiff is self-represented.

Dated this 13th day of August, 2025.

John H. Chun
United States District Judge

ORDER - 2